COHEN v. DIAMOND.

(Supreme Court, Appellate Term. December 22, 1911.)

COURTS (§ 189*)—CONTINUANCE—ABSENCE OF WITNESSES—DILIGENCE.

Where a defendant in the Municipal Court had no reason to suppose that an exceptional order would be made in his case so as to authorize a trial in July or August, but the cause was set for trial in July, and defendant applied for continuance for an absent witness temporarily in a sister state, to whom he had written and telegraphed, asking him to come for the trial and had offered to pay his expenses, due diligence was shown requiring the granting of the continuance.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of The Bronx, First District.

Action by Hyman Cohen against William J. Diamond. From an order of the Municipal Court of the city of New York denying a motion to open a default, defendant appeals. Reversed, and motion to open default granted.

See, also, 132 N. Y. Supp. 355.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

William E. Morris, for appellant.
John F. Cowan, for respondent.

LEHMAN, J. The plaintiff sued the defendant for professional services rendered as attorney. Most of these services were rendered prior to 1907, or more than four years before the action was brought. After several adjournments, the case was on the calendar for trial on June 20th, and on that day the defendant appeared in court with

his witnesses ready for trial, but the case was not reached. The return is somewhat confused as to the adjournments after that date, but it would appear that the case was adjourned to June 30th; that on that date no justice was present, and the case was adjourned by consent to July 7th. On July 7th it was peremptorily set for trial on July 11th. On July 11th the defendant secured an adjournment to July 18th on the ground that a material witness was absent traveling in Ohio. On July 18th the defendant submitted an affidavit and a letter from his witness, dated July 14th, from Old Orchard, Me., in which this witness stated that he required a rest for a few days after traveling and could not be in New York on July 18th. The letter concludes: "I hope you will postpone this case as I want to keep my promise to you." The defendant further showed that he wrote to this witness and telegraphed to him and offered to pay his expenses to New York. There is no question in my mind that the defendant sufficiently showed that the testimony of the witness was very material and important, and that he could not safely proceed to trial without his testimony. He was therefore entitled to an adjournment on July 18th, unless he was negligent in failing to secure this testimony by deposition or subpœna before that date.

I have carefully considered the record, and I find no evidence of any negligence on the part of the defendant in securing this testimony. The defendant was ready with his witnesses on June 20th. While there was apparently an adjournment on that day to June 30th, the defendant states that he understood that the case was not to be tried until September. That this expectation was not unreasonable appears from the fact that on June 30th the justice was not in court, and under rule 1 of the Municipal Court this action could not be tried in July and August except by order of the presiding justice. The defendant had no reason to suppose that such an exceptional order would be made in a case where the plaintiff was suing upon a claim for services rendered four years before the action was brought. No such order was apparently made, but the case was peremptorily set for trial for July 11th. On that date the witness was out of the state, and the defendant could not procure his attendance in court. The trial justice should then have given the defendant a reasonable opportunity to have procured this testimony, and should not have ordered an immediate trial.

As a matter of justice the defendant should be given his day in court to meet the issues raised in this action. The plaintiff is an attorney suing a client, and should welcome a trial where the justice of his claim can be properly adjudicated.

Order should be reversed, with costs to the appellant and motion to open default granted. All concur.